UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT CHORAK, | ) | CASE NO. 5:15-cv-1938 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the application of plaintiff, Robert Chorak, for an award of attorney fees (Doc. No. 19), pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff's motion is supported by a billing statement and by the affidavit of plaintiff's counsel, Attorney Rebecca R. Gillissie. (*Id.*, Ex. A (Chart) and Ex. B (Affidavit).) Defendant, Commissioner of Social Security, has expressly indicated that she will be filing no opposition to plaintiff's motion. (*See* Doc. No. 20.) Pursuant to plaintiff's motion, plaintiff requests that the Court enter an Order awarding plaintiff's counsel $1,437.50 in attorney fees. (Doc. No. 19 at 705.)

For the reasons that follow, plaintiff's unopposed motion is granted.

I. **BACKGROUND**

Plaintiff filed this action on September 19, 2015, seeking review of the Commissioner's decision denying his application for Disability Insurance Benefits under Title XVI of the Social

Security Act ("Act"). (Doc. No. 1.) On June 17, 2016, the magistrate judge issued a report and recommendation ("R&R") recommending that the Commissioner's decision be vacated and the matter remanded for further proceedings, pursuant to 42 U.S.C. § 405(g) sentence four. (Doc. No. 15 (R&R) at 696.) The Court adopted the R&R, reversed the Commissioner's decision, and remanded the matter to the Commissioner for further proceedings. (Doc. Nos. 17 (Memorandum Opinion); Doc. No. 18 (Judgement Entry).)

## II. DISCUSSION

The EAJA requires the government to pay a prevailing social security plaintiff's reasonable attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). "Prevailing party" status is achieved within the meaning of the statute when a plaintiff succeeds in securing a sentence four remand order. *Shalala v. Schaefer*, 509 U.S. 292, 300-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993). Plaintiff brought this action for judicial review of the Commissioner's decision and succeeded in securing a sentence four remand for further consideration of his application. Thus, plaintiff is a prevailing party within the meaning of the statute.

Plaintiff's counsel's EAJA time statement submitted in support of plaintiff's fee application indicates that a total of 11.5 hours were expended in this case at a rate of $125.00, for

a total amount of $1,437.50.[1] (Doc. No. 19 at 705.) The Court finds that both the hourly rate and the number of attorney hours expended in this matter are reasonable.

Finally, it is the government's burden under the EAJA to show that its position denying benefits was substantially justified. *Wilson v. Astrue*, No. 2:10-CV-463, 2011 WL 3664468, at *1 (S.D. Ohio Aug. 19, 2011) (citations omitted). Defendant has made no attempt to demonstrate that the government's denial of plaintiff's disability application was substantially justified, and the Court is not aware of any special circumstances that would make an attorney fee award unjust. Accordingly, the Court awards to plaintiff attorney fees in the sum of $1,437.50.

EAJA attorney fees are subject to offset to satisfy any pre-existing federal debt owed by plaintiff. Payment of any amount remaining after offset may be made directly to plaintiff's attorney if plaintiff has assigned any EAJA attorney fees to the attorney. *Crenshaw v. Comm'r of Soc. Sec.*, 1:13CV18845, 2014 WL 4388154 at *5 (N.D. Ohio Sept. 5, 2014). Within 30 days from the date of this Order, the Commissioner shall initiate payment and request that the Department of Treasury verify whether plaintiff owes a pre-existing debt to the government. Any such debt will be offset against the EAJA award granted herein, and payment of the balance shall be made as promptly as possible to the plaintiff, or to plaintiff's attorney, in accordance with the provisions of the assignment plaintiff has made with respect to any EAJA award.

---

[1] The EAJA provides that the amount of an attorney fee award shall be based on prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff did not seek a cost of living adjustment.

### III. Conclusion

For the reasons set forth herein, plaintiff's motion for an award of EAJA attorney fees, pursuant to 28 U.S.C. § 2412, in the amount of $1,437.50 is granted. This amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: September 18, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**